UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

VICTOR B. PERKINS,

     Plaintiff,

v.

Dr. DIANNE HART, and
Dr. ORLANDO MALDONADO,

     Defendants.

Civil No. 09-3735 (PAM/FLN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's

<u>pro se</u> "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he

is seeking leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1).

The case has been referred to this Court for report and recommendation under 28 U.S.C.

§ 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that

Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is a former federal prison inmate who was confined at the Federal Medical

Center in Rochester, Minnesota, ("FMC-Rochester"), from 2006 to 2009.  He is presently

attempting to sue Defendants Dr. Dianne Hart and Dr. Orlando Maldonado, who apparently

were employed as prison doctors at FMC-Rochester while Plaintiff was confined there.

Plaintiff alleges that "dangerous and harmful psychotropic medications" were forcibly

administered to him while he was at FMC-Rochester.  He further alleges that he suffered

various adverse side effects from those medications, including hypertension, high blood

sugar levels, bloody noses, and uncontrollable shaking.

As far as the Court can tell, Plaintiff is claiming that Defendants were responsible for prescribing and administering the medications described in his complaint. His complaint repeatedly states that he is attempting to sue Defendants for alleged "medical malpractice and negligence." Plaintiff is seeking a judgment "in the amount of 500 thousand dollars in punitive damages due to the injuries sustained from the dangerous and harmful psychotropic medications that have been forced upon the plaintiff due to the psychiatric, psychological depression and emotional distress that the respondents' actions have caused upon the plaintiff." (Complaint, [Docket No. 1], p. 6.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam). In this case, the Court finds that Plaintiff's complaint fails to state a viable cause of action for two reasons.

First, it appears that Defendants were acting as employees of the federal government, (specifically the Federal Bureau of Prisons), when they allegedly committed the torts described in Plaintiff's complaint – i.e., the alleged "medical malpractice and negligence." Therefore, Plaintiff's exclusive legal remedy for those alleged torts is the remedy provided by the Federal Tort Claims Act, ("FTCA"). 28 U.S.C. § 2679(b)(1).[1] See

---

[1] 28 U.S.C. § 2679(b)(1) provides that –

"The remedy against the United States provided by [the FTCA] for injury or loss of property, or personal injury or death arising or resulting from the

also United States v. Smith, 499 U.S. 160, 163 (1991) ("an FTCA action against the Government [is] the exclusive remedy for torts committed by Government employees in the scope of their employment"); Knowles v. United States, 91 F.3d 1147, 1150 (8th Cir. 1996) ("[e]mployees of the United States... may not be sued for torts they commit while acting within the scope of their employment.... [r]ather, a plaintiff's 'remedy provided by the [FTCA] ... is exclusive'") (citing Smith, supra, and quoting 28 U.S.C. § 2679(b)(1)).  Furthermore, Plaintiff has not pleaded an actionable FTCA claim, because he has not alleged that he exhausted his FTCA administrative remedies.  See Sanders v. United States, 760 F.2d 869, 872 (8th Cir. 1985) ("[t]he timely filing of an administrative claim and exhaustion of administrative remedies are jurisdictional prerequisites to suit under the [FTCA]").

Second, Plaintiff has failed to plead an actionable medical malpractice claim against Defendants, (under the FTCA or otherwise), because he has not complied with Minn.Stat. § 145.682.  That statute requires every plaintiff in a Minnesota medical malpractice case to furnish two affidavits in support of his or her claims.

> "The first affidavit ('expert review affidavit') must be submitted with the complaint and state that before commencing the lawsuit, plaintiff's attorney reviewed the facts of the case with a medical expert who believed that at least one defendant named in the suit deviated from the applicable standard

---

> negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.  Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred."

of care and thereby injured the plaintiff.... [2]

The second affidavit ('expert disclosure affidavit') must be served upon the defendant within 180 days after commencement of the suit and identify each expert plaintiff intends to call at trial, disclose the substance of the facts and opinions to which the expert will testify, and provide a summary of the grounds for each opinion."

Bellecourt v. United States, 784 F.Supp. 623, 636 (D.Minn. 1992), aff'd 994 F.2d 427 (8th Cir. 1993), cert. denied, 510 U.S. 1109 (1994) (emphasis added), citing Minn.Stat. § 145.682, subd. 2, subd. 3, and subd. 4.[3] If a medical malpractice complainant fails to meet either one of the two affidavit requirements set forth in § 145.682, the statute provides for "mandatory dismissal." Minn.Stat. § 145.682, subd. 6; Stroud v. Hennepin County Medical Center, 556 N.W.2d 552 (Minn. 1996); Lindberg v. Health Partners, Inc., 599 N.W.2d 572 (Minn. 1999).[4]

_____

[2] If the plaintiff is not represented by counsel, the plaintiff must file his or her own affidavit of expert review in lieu of an attorney's affidavit. Minn.Stat. § 145.682, subd. 5.

[3] A plaintiff can be excused from the statutory affidavit requirements if the defendant's liability can be established without any expert testimony. Minn.Stat. § 145.682, subd. 2; Bellecourt, 784 F.Supp. at 637. If, for example, a surgeon obviously amputated the wrong limb, expert testimony presumably would not be required to establish negligence. In the present case, however, it clearly appears that Plaintiff will need expert witness testimony to prove his allegations that Defendants violated applicable medical treatment standards.

[4] The Minnesota Court of Appeals has summarized the statutory affidavit requirements as follows:

"Minn.Stat. § 145.682, subd. 2 (2006) requires a plaintiff to provide two expert affidavits in an action alleging "malpractice, error, mistake, or failure to cure ... against a health care provider." The first affidavit must be served with the summons and complaint. Minn.Stat. § 145.682, subd. 2. The second affidavit must be served within 180 days after the commencement of the litigation. Id. There are strict form requirements for these affidavits. Id., subds. 2, 3 (2006). The identification of experts to be called can also be provided in answers to interrogatories, so long as they are served within 180

In this case, Plaintiff has not complied with Minn.Stat. § 145.682, because his complaint is not accompanied by the expert review affidavit that is required by § 145.682, subd. 2(1) and subd. 3(a). Therefore, Plaintiff's complaint fails to state an actionable malpractice claim.

## III. CONCLUSION

For the two reasons discussed above, the Court concludes that Plaintiff has failed to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed, and that Plaintiff's IFP application be denied, pursuant to § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January 13, 2010

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

_____

days of commencement of the suit and are signed by each expert identified. Id., subd. 4(a) (2006). Failure to comply with the affidavit requirements results in mandatory dismissal of the claim with prejudice. Id., subd. 6 (2006).

Cyrette v. Velcommen Village, Inc., No. A07-849 (Minn.App. 2008), 2008 WL 853570 (unpublished opinion) at *2 (emphasis added).

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 27, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.